# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| KEVIN FRANK WOODS, #N40855, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 13-cv-01130-JPG |
| | ) |
| BRAD ROBERTS, HENRY DABNEY, | ) |
| JOSEPH FOREHAND, ADAM DULLES, | ) |
| SCOTT HOWELL, and LISA KREBS, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff Kevin Woods, who is currently incarcerated at Dixon Correctional Center ("Dixon"), brings this action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff claims that during his incarceration at Centralia Correctional Center ("Centralia"), he was subjected to unsafe working conditions in the kitchen and denied adequate medical treatment for his resulting injuries. He now sues Centralia's warden, food service supervisors, plumber, and health care unit supervisor for monetary damages (Doc. 1, pp. 1, 38).

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen prisoner complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

**The Complaint**

On November 13, 2012, Plaintiff sustained second degree burns to his face while working in Centralia's kitchen (Doc. 1, p. 7). Centralia's head plumber, Defendant Dabney, had repaired faulty plumbing in the kitchen the previous day. Unbeknownst to Plaintiff, the food supervisors had received instructions from the dietary manager to refrain from using the kitchen on November 13th because it was unclear whether all repairs were complete (Doc. 1, p. 12). When Plaintiff reported to work that day, the kitchen appeared to be operational (Doc. 1, p. 7).

Plaintiff began preparing the day's meals. As he did so, Plaintiff worked near several large pots as they heated up on the stove. To increase their cooking temperatures, Plaintiff bent over the pots and turned a valve. Normally, this valve locked into place after five rotations. Plaintiff turned the valve more than seven times. Without warning, the valve shot off, hitting Plaintiff in the head. Steam and hot water exploded into Plaintiff's face (Doc. 1, pp. 7-8).

Plaintiff immediately reported to Centralia's health care unit (HCU) (Doc. 1, p. 8). There, a nurse diagnosed him with a minor burn and applied antibiotic ointment to the area. Plaintiff reported to the HCU for additional treatment in the days that followed. He sustained second degree burns to the left side of his face, as well as pain to his head caused by the exploding valve. Plaintiff has since suffered from "constant headaches," eye pain, "spots in the back of [his] left eye," and vision loss (Doc. 1, pp. 8-9, 11).

None of Centralia's three food supervisors, Defendants Forehand, Dulles, or Howell, was present in the area to supervise Plaintiff on the date of his injury (Doc. 1, pp. 8, 10). Food supervisors routinely failed to monitor the cooking area (Doc. 1, p. 10). None of them accompanied Plaintiff to the HCU. They did not investigate the incident by taking photographs

or interviewing inmates (Doc. 1, p. 9).  Plaintiff later learned that another inmate had complained about the broken valve more than a year earlier (Doc. 1, pp. 13, 22).

Plaintiff now asserts Eighth Amendment claims under 42 U.S.C. § 1983 against Defendants Roberts (Centralia's warden), Forehand (food supervisor), Dulles (food supervisor), Howell (food supervisor), and Krebs (HCU supervisor) (Doc. 1, pp. 12-13).  He also sues Defendant Dabney (Centralia's head plumber) for negligent repairs to the kitchen plumbing.

**<u>Discussion</u>**

After fully considering the allegations in the Complaint, the Court finds it convenient to divide the complaint into three counts.  The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by the judicial officer of this Court.

**Count 1:**  Eighth Amendment claim for unconstitutional conditions of confinement.

**Count 2:**  Eighth Amendment claim for denial of adequate medical treatment.

**Count 3:**  Negligence claim against Defendant Dabney for failure to repair valve.

**<u>Count 1 – Conditions of Confinement</u>**

After fully considering the allegations in the complaint, the Court finds that it states a colorable Eighth Amendment claim for unconstitutional conditions of confinement (**Count 1**) against Defendants Forehand, Dulles, and Howell.

This claim fails against the remaining defendants, including Defendants Roberts, Dabney, and Krebs.  Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under [Section] 1983, an individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 809, 810 (7th Cir. 2005) (citations omitted).

Relevant to Plaintiff's conditions of confinement claim, the Eighth Amendment has been a means of improving prison conditions that were constitutionally unacceptable. *See, e.g., Robinson v. California*, 370 U.S. 660, 666 (1962); *Sellers v. Henman*, 41 F.3d 1100, 1102 (7th Cir. 1994). Not all prison conditions trigger Eighth Amendment scrutiny – only deprivations of basic human needs like food, medical care, sanitation, and physical safety. *James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992). In order to prevail on this claim, a plaintiff must allege facts that, if true, would satisfy the objective and subjective components applicable to all Eighth Amendment claims. *McNeil v. Lane,* 16 F.3d 123, 124 (7th Cir. 1994); *see also Wilson v. Seiter,* 501 U.S. 294, 302 (1991).

The objective component focuses on the nature of the acts or practices alleged to constitute cruel and unusual punishment. *Jackson v. Duckworth,* 955 F.2d 21, 22 (7th Cir. 1992). The objective analysis examines whether the conditions of confinement exceeded contemporary bounds of decency of a mature civilized society. *Id*. The condition must result in unquestioned and serious deprivations of basic human needs or deprive inmates of the minimal civilized measure of life's necessities. *Rhodes v. Chapman,* 452 U.S. 337, 347 (1981); *accord Jamison-Bey v. Thieret*, 867 F.2d 1046, 1048 (7th Cir. 1989); *Meriwether v. Faulkner*, 821 F.2d 408, 416 (7th Cir. 1987).

In addition to showing objectively serious conditions, a plaintiff must also demonstrate the subjective component to an Eighth Amendment claim. The subjective component of unconstitutional punishment is the intent with which the acts or practices constituting the alleged punishment are inflicted. *Jackson*, 955 F.2d at 22. The subjective component requires that a prison official had a sufficiently culpable state of mind. *Wilson*, 501 U.S. at 298; *see also McNeil,* 16 F.3d at 124. In conditions of confinement cases, the relevant state of mind is

deliberate indifference to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference. *See, e.g., Farmer v. Brennan*, 511 U.S. 825, 837 (1994); *Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).

The complaint fails to implicate Defendant Roberts, Krebs, or Dabney with respect to any conditions of confinement claim. Defendant Roberts and Krebs are not mentioned in the statement of claim at all. Merely naming a defendant in the caption is insufficient to state a claim. *See Collins v. Kibort*, 143 F.3d 331, 334 (7th Cir. 1998). Defendant Dabney is mentioned only in connection with a negligence claim. Certainly, there is no allegation that Defendants Roberts, Krebs, or Dabney knew about the broken valve or acted with deliberate indifference toward inmate safety as it relates to this plumbing issue. Accordingly, the claim fails against them.

Accordingly, Plaintiff shall be allowed to proceed with Count 1 against Defendants Forehand, Dulles, and Howell. However, this claim shall be dismissed against all of the remaining defendants.

**Count 2 – Deliberate Indifference to Medical Needs**

The complaint fails to state an Eighth Amendment medical claim (**Count 2**) against any of the defendants. Relevant to Plaintiff's claim, the Supreme Court has recognized that "deliberate indifference to serious medical needs of prisoners" may constitute cruel and unusual punishment under the Eighth Amendment. *Estelle*, 429 U.S. at 104; *Farmer*, 511 U.S. 825 (1994); *see Erickson v. Pardus*, 551 U.S. 89, 94 (2006) (*per curiam*).

> Deliberate indifference involves a two-part test. The plaintiff must show that (1) the medical condition was objectively serious, and (2) the state officials acted with deliberate indifference to his medical needs, which is a subjective standard.

*Sherrod v. Lingle*, 223 F.3d 605, 619 (7th Cir. 2000).

The complaint appears to satisfy the objective prong of this analysis. The Seventh Circuit has held that a medical need is objectively "serious" where it has either "been diagnosed by a physician as mandating treatment" or where the need is "so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Gutierrez v. Peters,* 111 F.3d 1364, 1373 (7th Cir. 1997). The complaint alleges that Plaintiff sustained second degree burns to his face, head trauma causing "constant" headaches, and numerous eye injuries. These allegations meet the threshold requirement for a "serious" medical need.

However, the complaint must also satisfy the subjective component of an Eighth Amendment medical claim. To establish deliberate indifference, Plaintiff "must demonstrate that prison officials acted with a 'sufficiently culpable state of mind.'" *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005) (quoting *Wilson*, 501 U.S. at 297). Officials must "know of and disregard an excessive risk to inmate health" by being "'aware of facts from which the inference could be drawn that a substantial risk of serious harm exists'" and "'draw[ing] the inference.'" *Greeno,* 414 F.3d at 653 (quoting *Farmer*, 511 U.S. at 834). Plaintiff is not required to establish that the officials "intended or desired the harm that transpired," but to instead show that they "knew of a substantial risk of harm . . . and disregarded it." *Greeno*, 414 F.3d at 653. This is where the complaint is fatally flawed.

The complaint does not allege or suggest that any of the defendants acted with deliberate indifference to Plaintiff's medical needs. The statement of claim does not even mention Defendants Roberts and Krebs. And although the remaining defendants are mentioned in the

statement of claim, they are not addressed in connection with Plaintiff's requests for medical treatment. Based on the allegations, it is not clear that any of the defendants even knew about Plaintiff's injuries, other than the food supervisors. However, they did not learn of Plaintiff's injuries until he was already at the HCU receiving treatment. Certainly, no allegations suggest that the defendants disregarded Plaintiff's need for treatment.[1]

The reason that plaintiffs, even those proceeding *pro se*, for whom the Court is required to liberally construe complaints, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), are required to associate specific defendants with specific claims is so these defendants are put on notice of the claims brought against them and so they can properly answer the complaint. Thus, where a plaintiff has not included a defendant in his statement of the claim or failed to include any allegations against that defendant, the defendant cannot be said to be adequately put on notice of which claims in the complaint, if any, are directed against him. Without more, the claim fails. Accordingly, Count 2 shall be dismissed against all of the defendants.

**Count 3 – Negligence**

The complaint fails to state a negligence claim (**Count 3**) against Defendant Dabney, Centralia's head plumber. "Section 1983 creates a federal remedy against anyone who, under color of state law, deprives 'any citizen of the United States . . . of any rights, privileges, or immunities secured by the Constitution and laws.'" *Planned Parenthood of Indiana, Inc. v. Commissioner of Indiana State Dept. Health*, 699 F.3d 962, 972 (7th Cir. 2012) (quoting 42 U.S.C. § 1983). A defendant can never be held liable under Section 1983 for negligence, or even gross negligence. *Gomez v. Randle*, 680 F.3d 859, 864 (7th Cir. 2012). The only claim

---

[1] The complaint alleges that Defendant Dulles prepared an injury report for filing with the HCU in connection with Plaintiff's treatment, which suggests that he facilitated treatment of Plaintiff's injuries (Doc. 1, p. 11).

asserted against Defendant Dabney is a negligence claim. Because Plaintiff cannot pursue this claim in a § 1983 action, Count 3 against Defendant Dabney shall be dismissed.

**Pending Motions**

Plaintiff has filed a motion to recruit counsel (Doc. 3), which shall be referred to a United States Magistrate Judge for disposition.

Plaintiff has also filed a motion for service of process at government expense (Doc. 4), which shall be **GRANTED**, as it relates to **DEFENDANTS FOREHAND, DULLES, AND HOWELL.** The motion shall be **DENIED**, as it pertains to **DEFENDANTS ROBERTS, DABNEY,** and **KREBS**.

**Disposition**

**IT IS HEREBY ORDERED** that **COUNT 2** is **DISMISSED** without prejudice for failure to state a claim upon which relief can be granted. **COUNT 3** is **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

**IT IS ALSO ORDERED** that **DEFENDANT DABNEY** is dismissed with prejudice, and **DEFENDANTS ROBERTS** and **KREBS** are dismissed without prejudice from this action.

**AS TO COUNT 1**, the Clerk of Court shall prepare for **DEFENDANTS FOREHAND, DULLES,** and **HOWELL**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the

Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to a United States Magistrate Judge for further pre-trial proceedings, including a decision on Plaintiff's motion to recruit counsel (Doc. 3). Further, this entire matter shall be **REFERRED** to a United States Magistrate Judge for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 9, 2013**

*s/ J. Phil Gilbert*
**U.S. District Judge**